# United States District Court
## IN THE DISTRICT OF COLUMBIA

LaVern Koerner,
15251 S. 50th ST,  #2035
Phoenix, AZ 85044
602-738-2970

Case No. 1:05-CV-01600 ESH

Plaintiff(s),

v.

United States

Defendant.

## AMENDED COMPLAINT, PETITION, AND CLAIM IN THE NATURE OF A COMPLAINT, PETITION, CLAIM AND MORE DEFINITE STATEMENT UNDER THE AUTHORITY OF 26 U.S.C. § 7433

### I
### INTRODUCTION

1.   This Honorable Court has directed plaintiff to file a more definite statement regarding the following issues: the specific tax years at issue, the type of tax, the amount in dispute, exactly what the defendant did to disregard any provision of this title and explain how he has exhausted his administrative remedies.

2.   The specific tax years are set forth in ¶¶ 1 and 7 of the complaint, being 1994 through and including the present year .

3.   Exactly what the defendant did to disregard any provision of this title is set forth in ¶ 7 of the complaint.

5.   Notwithstanding ¶¶ 2 and 3 above plaintiff revisits ¶ 7 of plaintiff's complaint. Beginning with "tax year" 1994 through and including the present year defendant, through principals, officers, agents, rogue agents and/or employees of the Internal

Revenue Service, in connection with the collection of federal income tax recklessly, intentionally, or by reason of negligence disregarded the following provisions of Title 26 United States Code and the regulations promulgated thereunder[1]:

a.    26 U.S.C §6201(a) by failing to make an assessment of the taxes plaintiff(s) allegedly owe(s);

b.    26 U.S.C § 6202 by failing to make an assessment of the taxes plaintiff(s) allegedly owe(s) within the time and mode set forth by the secretary;

c.    26 U.S.C. §6203 by failing to record an assessment of the taxes plaintiff(s) allegedly owe(s);

d.    26 U.S.C. §6203 by failing to furnish plaintiff(s) copies of records of assessment upon plaintiff(s) request;

e.    26 U.S.C. §7214(a) by attempting and continuing to attempt to collect sums greater than appear on records of assessment;

f.    26 U.S.C. §6159 by abrogating plaintiff(s) guaranteed availability of an installment agreement;

g.    26 U.S.C. §6321 by filing an invalid and unlawful Notice of Tax Lien against plaintiff(s);

h.    26 U.S.C. §6321 by filing of an invalid and unlawful Notice of Tax Levy on plaintiff(s) wages, bank account, & etc;

i.    26 U.S.C. §6330(a) by failing to provide plaintiff(s) with notice of a right to an impartial hearing;

_____

[1] This listing is not inclusive.  There may be other provisions of Title 26 and its regulations that plaintiff(s) is/are not aware of which have been disregarded.

j.    26 U.S.C. §6331(d)(1)(2) by failing to send the plaintiff(s) a thirty (30) day notice;

k.    26 U.S.C. §6402 by failing to refund all unassessed taxes taken from plaintiff(s) upon plaintiff(s) written request to the United States Treasurer;

l.    26 U.S.C. §6404(g) by failing to suspend interest and penalties for reason that defendant has not specifically stated the amount of, and the basis for the liability defendant says plaintiff(s) owe(s);

m.    26 U.S.C. §6501(a) by neglecting to assess taxes owed within three years;

n.    26 U.S.C. §6751(a) by failing to include in a notice imposing a penalty (1) the name of the penalty, (2) the Code section authorizing the penalty, and (3) an actual computation of the penalty;

o.    26 U.S.C. §6751(b)(1) by failing to verify that a supervisor had personally approved, in writing, the initial penalty determination;

p.    26 U.S.C. §7123(b)(1) by failing to provide plaintiff(s) with non-binding mediation;

q.    26 U.S.C. §7491(b) by refusing to prove items of income which were reconstructed solely through the use of statistical information on unrelated taxpayers;

r.    26 U.S.C. §7491(c) by refusing to produce any evidence with respect to the imposition of penalties and additions;

s.    26 U.S.C. §7602(a) by conducting a presumed financial status audit.

6.    Defendant, on the numerous correspondence sent to plaintiff has referenced a "1040 tax."

6.    The IRS has sent numerous letters to the plaintiff each alleging a different amount in dispute. Thus, the amount, if any, in dispute cannot be completely and accurately ascertained at this time, but will be more fully known after the completion of discovery.

9.    Pursuant to 26 C.F.R. §601.702(c) the IRS is required to answer any correspondence of a "taxpayer" within 10 days. Plaintiff has written numerous requests for supporting documents and information to the IRS which require responses from the IRS. The IRS has failed and/or refused to respond or has responded with frivolous responses.

10.    26 USC §6203 requires the IRS to provide plaintiff with the records of assessment upon request. Pursuant to lawful procedure plaintiff has requested copies of lawful summary records of assessments (Forms 23-C) from the Commissioner of the IRS. Plaintiff received no response.

11.    Pursuant to lawful procedure, Plaintiff has requested, from the Secretary of the Treasury, a refund of all unassessed taxes taken from plaintiff. Plaintiff received no response. Thus it appears that the IRS is proceeding against the plaintiff in the clear absence of an assessment.

12.    As set forth in ¶24 of the complaint and inasmuch as the IRS has demonstrated its contempt for plaintiff's letters because it has failed/refused to answer/respond to plaintiff's letters, the administrative claims and numerous correspondence which plaintiff(s) filed with the Internal Revenue Service and the Secretary of the Treasury worked to satisfy the requirement that a "taxpayer" must exhaust administrative remedies before bringing suit for disregarding provisions of Title 26 section 7433

United States Code and its regulations in connection with collection activities. Based upon IRS actions as documented above any further attempt at an administrative remedy would most likely be futile relieving plaintiffs of meeting the exhaustion requirement

## ACCURACY OF IRS RECORDS

13.    Plaintiff requests that the court take judicial notice of the following GAO Audit Report as a government record.

**GAO/AIMD-99-75**, **FINANCIAL AUDIT - IRS'** FISCAL YEAR **1998** FINANCIAL STATEMENTS, issued March 1, 1999, cites, "pervasive weaknesses in...accounting procedures, documentation, (and) recordkeeping," p. 7, and, "substantial deficiencies...agencywide," p. 8, including, "material weaknesses in [IRS'] financial accounting," pp. 9, 11, and concluded that, "IRS cannot provide reasonable assurance that *** (3) information reported by IRS is accurate, timely, and meaningful." p. 9.    According to the **GAO/AIMD-99-75**, p. 10, IRS' financial management systems do not substantially comply with certain requirements of the Federal Financial Management Improvement Act of 1996 (FFMIA), reportable under OMB Bulletin 98-08, including systems requirements, federal accounting standards, and the U.S. Government Standard General Ledger (GSL) at the transaction level; neither the IRS custodial nor administrative general ledger systems comply with the GSL rules for agencies to follow in recording financial events, p. 12, and neither provides a complete audit trail, pp 12, 13, as IRS does not have a detailed subsidiary ledger for taxes receivable. pp 13, 15.

**GAO/AIMD-99-75** cited additional, "material weaknesses," p. 11, relating to IRS'

revenue accounting and reporting, citing, "...inability to...(1) separately report...individual income taxes... and, (2) determine the amount of *excise tax revenue* it collected..." (emphasis added), p. 11; as well as in supporting documentation, p. 11, specifying bankruptcy case files excluding information necessary to verify the IRS' creditor status. p. 16.

**GAO/AIMD-99-75** further found that IRS' policy of running computer programs against its master files, "is not an adequate substitute for a reliable subsidiary ledger which provides an accurate outstanding balance," pp 13-14, and GAO concluded that this practice violates the FEDERAL FINANCIAL MANAGEMENT IMPROVEMENT ACT of 1996 (FFMIA, reportable under OMB Bulletin 98-08), federal accounting standards, and the U.S. Government Standard General Ledger (GSL), and "led to IRS pursuing collection efforts against taxpayers (sic) that had already paid their taxes in full." p. 16.

**GAO/AIMD-99-75** indicates that GAO has twice before reported that IRS' controls are not adequate to reduce the risk that payments will not be properly credited; IRS cannot report the specific amount of revenue it actually collected for three of the federal government's four largest revenue sources: Social Security, Hospital Insurance, and individual income taxes, *citing* Internal Revenue Service: Physical Security Over Taxpayer Receipts and Data Needs Improvement (*See*: **GAO/AIMD-99-15**, November 30, 1998); Internal Revenue Service: Immediate and Long-Term Actions Needed to Improve Financial Management (*See*: **GAO/AIMD-99-16**, October 30, 1998); and **GAO/AIMD-98-77**, February 26, 1998. **GAO-01-263 High-Risk Update** P. 36; **GAO-02-35 Internal Revenue Service: Progress Made,**

but Further Actions Needed to Improve Financial Management; P. 2; **GAO-02-619T**, IRS Continues to Face Management Challenges in its Business Practices and Modernization Efforts; **GAO-03-243** IRS's Fiscal Year 2002 and 2001 Financial Statements, pp. 105/106. **GAO/AIMD-99-103, GAO/AIMD-02-848, GAO 04-438T, GAO 03-665.**

A review of GAO Audits from 1993 through and including 2004 reveals the same ongoing pattern of activity as referenced above and in each report the Commissioner of the IRS agrees with the findings of the GAO. Thus, pursuant to the GAO Audit reports, plaintiff alleges that the records of the IRS, with respect to this plaintiff, are neither reliable nor accurate and therefore are not admissible under the federal rules of evidence. Therefore, in the absence of evidence contrary to the GAO Audit Reports plaintiff alleges that the records of the IRS are not reliable and objects to their being admissible in this matter.

## CONCLUSION

14.   As a direct and proximate result of the aforementioned reprehensible, egregious, and vexatious conduct and the wanton disregarding of the aforementioned provisions of Title 26 United States Code and the regulations promulgated there-under by defendant's principals, officers, agents, rogue agents and/or employees of the Internal Revenue Service in connection with the collection of federal income tax plaintiff(s) has/have suffered substantial personal embarrassment, loss of income, and loss of goodwill, resulting in actual damages, the extent of which at this time cannot be completely and accurately ascertained, but which will be more fully known after the completion of discovery.

15. Such reprehensible, egregious, and vexatious conduct and the wanton disregarding of the provisions of Title 26 United States Code and the regulations promulgated thereunder by defendant's principals, officers, agents, rogue agents and/or employees of the Internal Revenue Service in connection with the collection of federal tax entitles plaintiff(s) to punitive damages the extent of which at this time cannot be completely and accurately ascertained, but which will be known more fully after the completion of discovery.

16. Plaintiff(s) have exhausted all administrative remedies before bringing this suit by disputing the tax claims made by the defendant and properly petitioning for all years in question the Commissioner of the Internal Revenue Service for lawful summary records of assessment and the Secretary of the Treasury for refunds. Plaintiff(s) received no timely response from either the Commissioner of the Internal Revenue Service or the Secretary of the Treasury.

17. Plaintiff(s) is/are entitled to injunctive relief beyond reach of 26 U.S.C. §7421, pursuant to LAING v. UNITED STATES, 423 U.S. 161 (1976); ENOCHS v. WILLIAMS PACKING CO., 370 U.S. 1 (1962);

As stated in Enochs, 370 U.S. 1, 8:

> "[I]n general, the Act prohibits suits for injunctions barring the collection of federal taxes *when the collecting officers have made the assessment* and claim that it is valid. Snyder v. Marks, 109 U.S. 189, 194 ." (emphasis added)

As alleged herein, defendants failed to record any assessment. This failure renders

IRC §7421 inapplicable, as explained in Enochs, 370 U.S. 1, 7:

> The manifest purpose of 7421 (a) is to permit the United
> States to assess and collect taxes alleged to be due without
> judicial intervention, and to require that the legal right to the
> disputed sums be determined in a suit for refund. In this
> manner the United States is assured of prompt collection of its
> lawful revenue. 6 *Nevertheless, if it is clear that under no*
> *circumstances could the Government ultimately prevail, the*
> *central purpose of the Act is inapplicable and, under the Nut*
> *Margarine case, the attempted collection may be enjoined if*
> *equity jurisdiction otherwise exists. In such a situation the*
> *exaction is merely in "the guise of a tax." Id., at 509.* (emphasis
> added)

Section 7421 a's inapplicability in the instant case is also supported by LAING, 423

U.S. 161, 162:

> "[B]ecause [IRS] failed to comply with these requirements, the
> taxpayers' suits were not barred by the Anti-Injunction Act. Pp.
> 169-185."

The United States has no possibility of rebutting the claims of plaintiff(s) and

Plaintiff(s) has/have already suffered extreme hardship.

## REMEDY SOUGHT

18.    Determination that the defendant's principals, officers, agents, rogue agents and/or

employees of the Internal Revenue Service in connection with the collection of

federal tax from the plaintiff(s), recklessly, intentionally or by reason of negligence,

disregarded any provision of Title 26 United States Code and/or any regulation

promulgated under Title 26 United States Code.

19.    Determination of the amount of damages for which the plaintiff(s) is/are entitled to

amend the reprehensible, egregious, and vexatious behavior of the defendant.

20.    Refund of all unassessed taxes, return of all seized property, return of all levied funds and an order requiring defendant's principals, officers, agents, rogue agents and/or employees to cease disregarding any provision of Title 26 United States Code and/or any regulation promulgated under Title 26 United States Code.

21.    The cause of justice and the rule of law justly require this court's Order forthwith enjoining the Internal Revenue Service, its officers, employees and anyone working or acting in behalf of the IRS, including any and all U.S. attorneys, employees of the Department of Justice and judges from engaging in any further collection activity, whether civil or criminal until all claims are fully resolved and the return of all sums wrongfully collected.

22.    The plaintiff(s) request(s) that the court forthwith issue an order enjoining the Internal Revenue Service, its officers, employees and anyone working or acting in behalf of the IRS, including any and all U.S. attorneys, employees of the Department of Justice and judges from engaging in any further collection activity, whether civil or criminal until all claims are fully resolved and the return of all sums wrongfully collected.

23.    Further relief as the court determines is justified.

Dated: _11_/_29____, 2005

*LaVern Koerner*

LaVern Koerner

## AFFIDAVIT

Affiant, LaVern Koerner, is of lawful age and competent to testify, after having been duly sworn, state as follows based upon affiant's own personal knowledge:

1.　It is not now, nor has it ever been, affiant's intent to avoid paying any tax that affiant is legally liable to pay or that affiant lawfully owes.

2.　Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C §6201(a) by making an assessment of the taxes affiant allegedly owes;

3.　Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C §6202 by making an assessment of the taxes affiant allegedly owes within the time and mode set forth by the secretary;

4.　Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C. §6203 by recording an assessment of the taxes affiant allegedly owes;

5.　Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C. §6203 by furnishing affiant copies of records of assessment upon affiants request;

6.　Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C. §7214(a) by not attempting and continuing to attempt to collect sums greater than appear on records of assessment;

7.　Affiant is not in possession of any document which verifies that affiant owes a "tax" to the United States Treasury.

8.　Affiant is not in possession of any document which verifies that the defendant has complied with all collection procedures required by the IRS Code and its regulations.

9.　Affiant is not in possession of any document which identifies the authority for the IRS to substitute a RACS 006 or a Form 4340 (Certificate of Assessments and Payments) for a Form 23-C (Summary Record of Assessment).

10.　To the best of affiant's knowledge, affiant has timely attempted to respond to every single solitary presentment made to affiant by the IRS.

11.　Affiant has repeatedly asked for the IRS to comply with its own administrative procedures.

12.　Pursuant to 26 C.F.R. §601.702(c) the IRS is required to answer any correspondence of a "taxpayer" within 10 days. Affiant has repeatedly sent numerous correspondence that the IRS has repeatedly and willfully failed to answer.

13.　Affiant has requested copies of lawful summary records of assessments (Forms 23-C) from the

Commissioner of the IRS.  Affiant received no response.

14.    Pursuant to lawful procedure, affiant has requested, from the Secretary of the Treasury, a refund of all unassessed taxes taken from affiant. Affiant received no response.

15.    The IRS has sent numerous letters to the plaintiff each alleging a different amount in dispute.

15.    Affiant has exhausted all administrative remedies, attempted to mitigate damages and has commenced this action within two (2) years after the date on which the right of this action accrued.

16.    Affiant believes there is no possible way that the United States can rebut any of the claims made in this pleading.

Dated: _11/29_____, 2005

LaVern Koerner

Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of Arizona, personally appeared, LaVern Koerner,  known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same as his/her/their free act and deed.

Notary, State of Arizona



OFFICIAL SEAL
ELISSA S. LEGAULT
Notary Public - State of Arizona
MARICOPA COUNTY
My Comm. Expires May 1, 2007

CERTIFICATE OF SERVICE

I certify that I have served a copy on the following:

Alberto Gonzales
United States Attorney General
950 Pennsylvania Avenue
Washington, District of Columbia 20530

Kenneth L. Wainstein
United States Attorney
District of Columbia
555 4th Street NW
Washington, District of Columbia 20530

Dated: _Nov 29_ , 2005

_LaVern Koerner_
LaVern Koerner