IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LAVERN KOERNER,                    )
                                   )
            Plaintiff,             )   No. 1:05-cv-01600 (ESH)
                                   )
      v.                           )
                                   )
UNITED STATES,                     )
                                   )
            Defendant.             )

## UNITED STATES' RENEWED MOTION TO DISMISS

Under Fed.R.Civ.P. 12(b)(1), (3), (5) and (6), the United States respectfully

requests that the Court dismiss this action.  As grounds for this motion, the United

States asserts that this Court lacks subject-matter jurisdiction over plaintiff's tax refund

claims, venue in this Court is improper, the United States was not properly served, and

the Anti-Injunction Act bars the injunctive relief plaintiff seeks.

Specifically, plaintiff failed to allege that she has paid the federal taxes due and

filed a claim for refund.  Both are required before the United States' sovereign

immunity is waived.  26 U.S.C. § 7422; Flora v. United States, 362 U.S. 145, 177 (1960).

Since plaintiff has not so alleged, this Court lacks subject-matter jurisdiction.  Moreover,

plaintiff is a resident of Arizona (First Am. Compl. p. 1) and requests the refund of a

federal tax she alleges was illegally or erroneously collected.  (First Am. Compl. ¶¶ 20.)

Under 28 U.S.C. § 1402(a), venue is proper only in the judicial district in which the

plaintiff resides.  Inasmuch as plaintiff is a resident of Arizona, venue in this Court is

lacking.  In addition, plaintiff has failed to properly serve the United States.  Under

Fed.R.Civ.P.4(i), both the Attorney for the District of Columbia and the Attorney General must be served with the summons and complaint. Plaintiff failed to serve the summons on the Attorney General, sending him instead a "waiver" of service. Since this is not adequate service on the United States, the complaint was not properly served and the First Amended Complaint should be dismissed. And, plaintiff seeks to enjoin the Internal Revenue Service from engaging in any further collection activity. (First Am. Compl. ¶ 22.) Under 26 U.S.C. § 7421(a), no suit may be maintained restraining the assessment and collection taxes. Thus, this Court may not grant injunctive relief. Finally, plaintiff has failed to state a claim. Under Fed.R.Civ.P. 8(a), plaintiff must provide a "simple , concise, and direct" statement of her claims. Despite the Court's order to do so, plaintiff's First Amended Complaint provides no additional information. Accordingly, plaintiff's claims should be dismissed for failure to comply with Rule 8(a).

A supporting memorandum of law and proposed order are filed with this

motion.1/

Date: December 27, 2005.

                       Respectfully submitted,

                        /s/ Pat S. Genis
                      PAT S. GENIS, #446244
                      Trial Attorney, Tax Division
                      U.S. Department of Justice
                      Post Office Box 227
                      Washington, D.C.  20044
                      Telephone:  (202) 307-6390

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

---

     1/   Also attached is a Notice of Related Cases, listing 13 cases which, save for the identity of the plaintiffs, are identical, or nearly identical, to plaintiff's First Amended Complaint.