IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAVERN KOERNER, | ) |
| | ) |
| Plaintiff, | ) No. 1:05-cv-01600 (ESH) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF UNITED STATES' RENEWED MOTION TO DISMISS**

The relief plaintiff requests in her complaint is a refund of federal taxes she alleges were illegally or erroneously collected (First Am. Compl. ¶¶ 20), an order enjoining the Internal Revenue Service from engaging in further collection activity (First Am. Compl. ¶¶ 21, 22), and unspecified damages for alleged violations of 26 U.S.C. § 7433 (First Am. Comp. ¶ 19).  This Court does not have jurisdiction until plaintiff properly serves the United States.  Further, to the extent plaintiff seeks a "[r]efund of all unassessed taxes, return of all seized property, return of all levied funds . . . ."  (First Am. Compl. ¶ 20), and an order "enjoining the Internal Revenue Service . . . from engaging in any further collection activity . . . ." (First Am. Compl. ¶¶ 21, 22), this Court cannot grant the requested relief.

<u>Plaintiff Has Failed to Properly Serve the United States</u>.

Plaintiff did not serve a summons and complaint on the Attorney General; thus she has not properly served the United States, and this Court lacks personal jurisdiction

over the United States.  Service upon the United States, its agencies, or employees, is governed by Fed.R.Civ.P. 4(i), and is effected by: (1) delivering a copy of the summons and complaint to the United States attorney for the district in which the action is brought, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney; (2) by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, DC; and (3) by sending a copy of the summons and complaint by registered or certified mail to the officer, employee and/or agency of the United States being sued.  Fed.R.Civ.P. 4(i); Relf v. Gasch, 511 F.2d 804 (D.C. Cir. 1975); Hodge v. Rostker, 501 F.Supp. 332, 332 (D.D.C. 1980).

  Failure to properly serve the United States, its agencies and employees, deprives the Court of personal jurisdiction, leaving the Court with no power to compel an answer or response.  Rabiolo v. Weinstein, 357 F. 2d 167, 168 (7th Cir. 1966); see also Insurance Corp. of Ireland v.  Compagnie des Bauxites de Guinee, 456 U.S. 694, 715 n.6 (1982) (Powell, J. concurring).  A jurisdictional defect of this sort is fatal to maintenance of an action.  Bland v. Britt, 271 F. 2d 193 (4th Cir. 1959).  Accordingly, courts routinely dismiss actions when service is improper.  See Light v. Wolf, 816 F. 2d 746, 750 (D.C. Cir. 1987).  Once a defendant challenges the sufficiency of service of process, the party alleging adequate service of process has the burden of proving that such service was proper.  See Myers v. American Dental Ass'n, 695 F. 2d  716, 725 n.10 (3d Cir. 1982); Familia De Boom v. Arosa Mercantil, S.A., 629 F. 2d 1134, 1139 (5th Cir. 1980).

In this case, plaintiff sent the Attorney General a copy of her original complaint with a request for "waiver" of the service of summons. (Genis Decl. & ex. 1.) This attempted service is insufficient because "waiver" of summons does not apply to the United States, see Rule 4(d)(2), and a party cannot serve process herself, see Rule 4(c)(2). This service is clearly insufficient. Because plaintiff failed to properly serve the United States as required under Rule 4(i), her First Amended Complaint should be dismissed.

This Court Lacks Subject-Matter Jurisdiction.

This Court does not have jurisdiction over plaintiff's claim for a tax refund. Plaintiff does not allege that she has either filed a claim for refund or fully paid the federal taxes. Both are necessary to waive the United States' sovereign immunity. See United States v. Dalm, 494 U.S. 596, 601-602 (1989) (a claim for refund is necessary before filing a suit for a tax refund); 26 U.S.C. § 7422 (same); Flora v. United States, 362 U.S. 145, 177 (1960) (payment in full is required for filing a suit for a tax refund); Vanskiver v. Rossotti, 2001WL361470, *1 (D.D.C. 2001) (same). Plaintiff has the burden to show that sovereign immunity has been waived. See, e.g., Paradyne Corp. v. U.S. Dept. of Justice, 647 F.Supp. 1228, 1231 (D.D.C. 1986) (citing United States v. Sherwood, 312 U.S. 584, 586 (1941)).

Under 26 U.S.C. § 7422, "[n]o suit or proceeding shall be maintained in any court for the recovery of an internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed . . . ." 26 U.S.C. § 7422(a). Since plaintiff has not even alleged that she filed a claim for refund,

this Court lacks jurisdiction.  <u>Dalm</u>, 494 U.S. at 601-602.

Likewise, plaintiff has not alleged that she has fully paid her tax liabilities.  On the contrary, she seeks an injunction to prevent the Internal Revenue Service from collecting the taxes due.  (<u>See</u> First Am. Compl. § 34.)  This request, in itself, implies that plaintiff has not fully paid the taxes she seeks to recover — an implication fatal to a suit for refund.  <u>See</u> <u>Flora</u>, 362 U.S. at 177.

Because plaintiff has not alleged that she filed a claim for refund and fully paid the federal taxes, the United States' sovereign immunity has not been waived, and this Court lacks subject-matter jurisdiction over her claim for a refund.

<u>Venue Is Improper</u>.

Under 28 U.S.C. §§ 1402(a)(1) & 1346(a), venue for a refund suit is proper only in the judicial district in which the plaintiff resides.  Inasmuch as plaintiff is a resident of Arizona (First Am. Compl. at 1), venue in this Court is improper.

Under 28 U.S.C. § 1406, this Court has the discretion to dismiss the case for lack of venue, or "in the interests of justice," to transfer it "to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  The interests of justice do not require transferring this case, and in fact weigh against it.  Plaintiff's First Amended Complaint alleges no facts to warrant transfer.  As explained above, plaintiff's failure to allege that she filed a a proper claim for refund or fully paid the taxes due deprives <u>any</u> federal court of subject-matter jurisdiction.  <u>See</u> <u>Dalm</u>, 494 U.S. at 601-602; <u>Flora</u>, 362 U.S. at 177.  Further, the complaint alleges inadequate facts to support a claim for

damages under 26 U.S.C. § 7433, and no court has authority to grant plaintiff the injunctive relief she seeks. Thus, because venue is lacking in this Court, and the interests of justice do not favor transfer to Arizona, the Court should dismiss this case. See Fed. R. Civ. P. 12(b)(3).

### Plaintiff's Request for Injunction Is Barred by the Anti-injunction Act.

Plaintiff seeks an order enjoining the Internal Revenue Service from engaging in any further collection activities. (First Am. Compl. ¶ 34.) Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421). The Act specifies that no court shall exercise jurisdiction over a suit for the "purpose of restraining the assessment or collection of any tax," as is the patent purpose of plaintiff's claim. See 26 U.S.C. § 7421(a). Thus, the Act precludes this Court from exercising jurisdiction over any action, such as this one, which seeks to enjoin the collection of taxes. See Foodservice & Lodging Institute, Inc. v. Reagan, 809 F.2d 842, 844-845 (D.C. Cir. 1987); American Federation of Gov't Employees, AFL-CIO v. United States, 660 F.Supp. 12, 13, (D.D.C. 1987).

Although the Supreme Court has recognized a narrow, judicial exception to section 7421, the exception is inapplicable to the present case. In Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-Injunction Act would not apply (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail, and (2) equity jurisdiction otherwise existed. See Flynn v. United States, 786

1483704.1

F.2d 586, 589 (3d Cir. 1986).  The burden is on the plaintiff to demonstrate that her suit falls within the purview of the judicially-created exception to the Anti-Injunction Act. Bowers v. United States, 423 F.2d 1207, 1208 (5th Cir. 1970).

Plaintiff cannot demonstrate that under the circumstances of this case, the government could never prevail. Plaintiff alleges that the Internal Revenue Service acted improperly with respect to her individual income taxes (Form 1040), but does not identify the amounts or dates of alleged "wrongful" collection, specifics as to the alleged wrongdoing by the Internal Revenue Service, or other facts which identify wrongdoing and her entitlement to relief.  Primarily she merely expresses her dissatisfaction that the Internal Revenue Service is attempting to collect her unpaid taxes.1/

As for the second prong, plaintiff has failed to demonstrate the existence of equitable jurisdiction.  Plaintiff must show that there is irreparable injury and inadequacy of legal remedies.  See, Foodservice & Lodging Institute, 809 F.2d at 844-845; Flynn , 766 F.2d at 598.  Plaintiff can temporarily forestall collection — which is the ultimate relief she requests — by requesting a "collection due process hearing" with the Internal Revenue Service.  See 26 U.S.C. § 6330.  Moreover, she can fully pay the taxes and then file a claim for refund.  Because the Internal Revenue Code provides administrative procedures by which she can obtain relief, there is no equitable

---

1/   As already discussed, an allegation conceding that taxes have not been fully paid is fatal to a suit for refund.  See Flora, 362 U.S. at 177.

jurisdiction. Accordingly, the second prong of the <u>Enoch</u> test fails.

In sum, this Court lacks jurisdiction over plaintiff's request for injunctive relief because such relief is barred by the Anti-Injunction Act. Plaintiff has not established the extraordinary circumstances that may justify issuing an injunction under the judicial exception. Thus, the Court should dismiss this case.

<u>Plaintiff Has Failed to Comply With Fed.R.Civ.P. 8(a)</u>.

In its order, the Court determined that plaintiff's complaint stated a sufficient claim under 26 U.S.C. § 7433 to survive a Fed.R.Civ.P. 12(b)(6) motion, but ordered plaintiff to provide a more definite statement of her claims. (Order at 1.) The Court ordered plaintiff to file "a more definite statement of her claim in which she specifies the specific tax years at issue, the type of tax at issue, the amount in dispute, and exactly what defendants did to 'disregard any provision of this title.' Plaintiff must also explain how she has exhausted her administrative remedies as required by 26 U.S.C. § 7433(d)." (Order at 1.)

In response to the Court's request for a more definite statement, plaintiff now identifies the tax years as 1994 through the present (First Am. Compl. ¶ 2), instead of "beginning with 'tax year' 1994" (Compl. ¶1). She also identifies the taxes at issue as Form 1040 individual federal income taxes. (First Am. Compl. ¶ 6.) But, the actions complained of in the First Amended Complaint (First Am. Compl. ¶ 6 (a) (s)) are identical to those listed in the Complaint. (Compl. ¶ 7(a) - (s).) Plaintiff's failure to comply with the Court's explicit order is another reason to dismiss this complaint.

## CONCLUSION

Plaintiff has failed to properly serve the United States, thus, depriving this Court of jurisdiction. In addition, this Court does not have subject-matter jurisdiction over plaintiff's claims for a tax refund because plaintiff has failed to prove that she filed a claim for refund and paid the taxes due. Likewise, the Anti-Injunction Act prohibits an injunction against the further collection of plaintiff's taxes. Further, venue is not proper in this Court for a tax refund because plaintiff resides in Arizona. Finally, plaintiff has failed to comply with the Court's order to provide a more definite statement of her claims. For all these reasons, the Court should dismiss this action.

DATED:	December 27, 2005.

                                        Respectfully submitted,

                                        /s/ Pat S. Genis
                                        PAT S. GENIS #446244
                                        Trial Attorney, Tax Division
                                        United States Department of Justice
                                        Post Office Box 227
                                        Washington, DC 20044
                                        Telephone: (202) 307-6390

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney
555 4th Street, NW
Washington, DC 20001
Telephone: (202) 514-7566